**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, DC**

**UNITED STATES**

**v.**

**Sean A. STROMAN**
**Seaman Apprentice (E-2), United States Coast Guard**

**CGCMS 24391**

**Docket No. 1302**

**May 12, 2009**

Special Court-Martial convened by Commander, Coast Guard Sector Corpus Christi. Tried at Corpus Christi, Texas, on 13 December 2007.

| | |
|---|---|
| Military Judge: | CDR Stephen P. McCleary, USCG |
| Trial Counsel: | LT Marc A. Zlomek, USCG |
| Assistant Trial Counsel | LCDR Curtis E. Borland, USCG |
| Defense Counsel: | LT Tyquili R. Booker, JAGC, USN |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Appellate Government Counsel: | LT Paul R. Casey, USCG |
| | LCDR Brian K. Koshulsky, USCG |

**BEFORE**
**McCLELLAND, KANTOR & McGUIRE**
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification each of wrongfully introducing cocaine onto an installation used by the armed forces and of wrongfully distributing cocaine, and three specifications of wrongfully using cocaine, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to confinement for ten months, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged except for confinement in excess of 120 days, which was disapproved, pursuant to the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We note an apparent misstatement by the military judge after sentencing, concerning the effective date of a reduction in grade. After announcing sentence, when discussing the effect of the pretrial agreement on the sentence, the military judge said, "And then finally the reduction I adjudged may be approved as adjudged. So that will go into effect – that won't go into effect until the Convening Authority acts on your sentence." (R. at 92.) This is contrary to Article 57(a)(1), UCMJ, which provides that a reduction in grade, as well as a forfeiture of pay, takes effect on the earlier of fourteen days after the sentence is adjudged or the date the sentence is approved by the Convening Authority. We do not discern any prejudice to Appellant from this misstatement.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,


Ryan M. Gray
Clerk of the Court